IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18CV40

| | |
|---|---|
| CAROL KILLIAN, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> GEORGE EVAN PERDUE,[1] ) <br> "Sonny" Perdue, Secretary, ) <br> United States Department of Agriculture, ) <br> ) <br> **Defendant.** ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the Court on Defendant's Motion to Dismiss (# 5) pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues have been fully briefed, and the matter is ripe for ruling. For the reasons addressed below, the Court will recommend that Defendant's Motion to Dismiss be GRANTED.

**I.    Procedural Background**

On February 16, 2018, Plaintiff initiated the instant action in this Court. See Compl. (# 1). Plaintiff asserts the following causes of action: (1) sexual harassment, and (2) retaliation. Id. Plaintiff requests a jury trial on all triable issues. Id. at 6.

On April 30, 2018, Plaintiff filed the instant Motion to Dismiss (# 5) and

---

[1] With Title VII, civil actions by current or former federal employees must be brought against the head of the federal department that employed the plaintiff. See 42 U.S.C. §2000e-16(c); see also Gardner v. Gartman, 880 F.2d 797, 799 (4th Cir. 1989) ("[T]he head of the department for which the plaintiff works is the proper defendant in a sex or race discrimination suit.").

Memorandum in Support (# 5-1). On May 14, 2018, Plaintiff filed a Response in Opposition (# 6). On May 21, 2018, Defendant filed a Reply (# 7). The next day, Plaintiff filed a Notice of Objection (# 8), which the Court construes as a Surreply.[2]

## II. Factual Background[3]

The facts, viewed in a light most favorable to Plaintiff, are the following: At the time of the allegations described in Plaintiff's Complaint, she had worked for Defendant for over 19 years as a Social Service Assistant—Center Standards Officer at Schenck Job Corps Center in Pisgah Forest, North Carolina ("Schenck").[4] Compl. (# 1) ¶ 9. During all relevant times, Terrance Phillips ("Phillips") was the Counseling Manager at Schenck. Id. ¶ 10.

On October 3, 2013, Plaintiff was in a co-worker's office when Phillips entered behind her. Id. ¶ 11. Plaintiff asked Phillips if he was following her, and Phillips replied, "Hell yeah, that damn perfume is driving me crazy!" Id. Phillips proceeded to grope his crotch in front of Plaintiff.[5] Id. On November 4, 2013, Phillips made another comment

---

[2] In pertinent part, the Court's Local Rules provide: "Surreplies are neither anticipated nor allowed by this Rule, but leave of Court may be sought to file a surreply when warranted." LCvR 7.1(e). In this case, Plaintiff filed her Surreply without seeking leave of Court. Therefore, the Court will disregard Plaintiff's Surreply.
[3] When evaluating this motion to dismiss, the Court must accept Plaintiff's alleged facts as true and view them in a light most favorable to her. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). In this case, the facts are derived from Plaintiff's Complaint (# 1).
[4] The Job Corps program assists eligible youth to connect to the labor force by providing them with educational and service opportunities. 29 U.S.C. § 3191. The Forest Service operates Job Corps Civil Conservation Centers ("JCCC") across the country, including the Schenck JCCC in the Pisgah National Forest. See https://schenck.jobcorps.gov/ (last visited July 17, 2018).
[5] Plaintiff has attempted to alter the facts she alleged in her Complaint by arguing that Phillips masturbated "to Plaintiff" and "in front of Plaintiff" on two occasions. Pl.'s Resp. Oppos. (# 6) at 4.

2

about how Plaintiff's perfume was "making [him] crazy," and again, he groped his crotch in front of Plaintiff and others while in a visible state of arousal. Id. ¶ 12.

Following these incidents, Plaintiff and Carolyn Griffin ("Griffin"), a union representative, reported Phillips's conduct, which included reporting it to the whistleblower hotline and the EEO complaint phone line. Id. ¶ 13. Once Phillips was aware that Plaintiff had filed a complaint against him, he became visibly hostile toward her. Id. ¶ 14. Phillips further retaliated against Plaintiff by doing the following: (1) Phillips frequently looked angrily at Plaintiff and made an effort to discredit her in front of co-workers; (2) Phillips ignored Plaintiff at meetings and rolled his eyes or mumbled under his breath when she spoke; (3) Phillips gave Plaintiff dirty looks around the office and made angry sounds with the intent to intimidate her; and (4) Phillips purposefully interfered with Plaintiff's work by overruling her decisions in front of both students and co-workers and by cutting her off during meetings and conference calls. Id. ¶ 15

Plaintiff informed Center Director Tammy Wentland ("Wentland"), the individual to whom Plaintiff and Phillips reported, about Phillips's retaliatory conduct. Id. ¶ 16. Wentland did not take steps to deter Phillips' conduct. Id. Because of Defendant's unlawful actions, Plaintiff has suffered pecuniary injury and emotional distress. Id. ¶ 17.

## II. Legal Standard

The central issue for resolving a Federal Rule of Civil Procedure 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the

3

Case 1:18-cv-00040-MR-WCM   Document 9   Filed 08/09/18   Page 3 of 13

plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192. Although a court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. Id. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; accord Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

**III. Discussion**

**A. Motion to Dismiss**

Defendant contends that Plaintiff asserts the following two causes of action:

(1) A substantive violation of Title VII, premised on either quid pro quo harassment theory, or a hostile work environment theory (Compl. (# 1) ¶¶ 18-20);[6] and

(2) A violation of Title VII's anti-retaliation provision (Id. ¶¶ 21-24).

Pl.'s Mem. Supp. (# 5-1) at 4. Defendant argues that each these claims must be dismissed because Plaintiff fails to allege sufficient facts to support the elements of each claim. Id.

### 1. Plaintiff's Title VII sexual harassment claim fails under either a theory of quid pro quo harassment or hostile work environment.

There are two types of Title VII sexual harassment claims: (a) quid pro quo harassment, and (b) a hostile work environment. See Gerald v. Univ. of P.R., 707 F.3d 7, 20 & n.6 (1st Cir. 2013). The Court will address each in turn.

#### a. Quid pro quo harassment

Defendant initially argues that Plaintiff fails to state a claim for quid pro quo harassment because she does not allege that she experienced harassment by a supervisor, or that she was threatened with or suffered a tangible employment action. Def.'s Mem. Supp. (# 5-1) at 6. As outlined below, Plaintiff's quid quo pro harassment claim fails for at least two reasons.

---

[6] Although the labels of quid pro quo and hostile work environment no longer control the issue of employer liability with sexual harassment, the two categories are still generally used to assess whether offensive conduct rises to the level of a Title VII violation. Burlington Indus, Inc.v. Ellerth, 524 U.S. 742, 753 (1998).

Quid pro quo is defined as "harassment in which a supervisor demands sexual consideration in exchange for their job benefits." McKinnish v. Donahoe, 40 F. Supp. 3d 689, 697 (W.D.N.C. 2014) (quoting Katz v. Dole, 709 F.2d 251, 254 (4th Cir. 1983)). To establish quid pro quo liability, a plaintiff must show "that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands." Tilson v. Every Day is a Holiday, Inc., No. 3:17-CV-00018-GCM, 2017 WL 3277124, at *3 (W.D.N.C. Aug. 1, 2017) (quoting Moser v. MCC Outdoor, L.L.C., 256 F. App'x 634, 642 (4th Cir. 2007)).

First, Plaintiff has failed to allege that she was subject to sexual demands from someone who was a supervisor as a matter of law, which is an essential element of a quid pro quo claim. See McKinnish, 40 F. Supp. 3d at 697-98. A "supervisor" under Title VII is a person who is "empowered by the employer to take tangible employment actions against the victim." Cooper v. Smithfield Packing Co., 724 F. App'x 197, 203 (4th Cir. 2018) (quoting Vance v. Ball State Univ., 570 U.S. 421, 424 (2013)). A "supervisor" specifically has the authority to "hire, fire, demote, promote, transfer, or discipline the plaintiff." Id. (emphasis added).

In her Complaint, Plaintiff alleges that Phillips is "a manager[7] at [Plaintiff's] workplace."[8] Compl. (# 1) ¶ 1. Plaintiff further alleges that Phillips was the "Counseling

---

[7] Plaintiff points out that she alleged that Phillips was a manager (as opposed to her manager). Pl.'s Resp. Oppos. (# 6) at 1 n.1. This, alone, is insufficient because a Title VII supervisor is "empowered to take tangible employment decisions against the victim." See Cooper, 724 F. App'x at 203 (emphasis added).

[8] "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety[.]" E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011).

6

Manager at Schenck." Id. ¶ 10.  Plaintiff alleges that "Phillips intentionally interfered with [Plaintiff's] work duties by overruling her decisions in front of students and co-workers and by cutting her off during meetings and conference calls." Id. ¶ 15.4.  Finally, Plaintiff alleges that she notified Wentland, the Center Director to whom she and Phillips reported, but Wentland took no steps to stop Phillips's conduct. Id. ¶ 16. These allegations fall short.

Second, Plaintiff fails to allege that Phillips made a threat or attempted to condition any employment benefit upon Plaintiff's acceptance of his purported sexual advances.  To state a quid pro quo claim, a plaintiff must allege each of the following elements:  (1) the employee is in a protected group; (2) the employee was subject to unwanted harassment; (3) the harassment was sexual; (4) the employee's reaction to the harassment affected tangible aspects of the employee's compensation, terms, conditions, or privileges of employment; and (5) the employer knew or should have known about the harassment and failed to take effective remedial action. Okoli v. City of Baltimore, 648 F.3d 216, 222 (4th Cir. 2011) (citing Brown v. Perry, 184 F.3d 388, 393 (4th Cir. 1999)).

In this case, Plaintiff has failed to sufficiently allege the fourth element, which is a tangible employment action.  See Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 n.7 (4th Cir. 2012) ("A reduction in an employee's hours, which reduces the employee's take-home pay, qualifies as a tangible employment action.").  In particular, Plaintiff has failed to allege that she was hired, fired, not promoted, or reassigned to a different position with significantly different responsibilities.  See Compl. (# 1).  Therefore, Plaintiff's quid pro quo harassment claim should be dismissed.

### b. Hostile work environment

7

Defendant next argues that Plaintiff fails to state a claim for employer liability for co-worker harassment because she fails to allege facts sufficient to impute liability to Defendant. Def.'s Mem. Supp. (# 5-1) at 10-12. Defendant contends that when an employee does not suffer a tangible employment action, the employee can still bring a claim for hostile work environment based on sex.[9] Id. at 10.

A hostile work environment is one that is "permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc. 510 U.S. 17, 21 (1993) (internal quotation marks omitted). Under Title VII, employers are prohibited from "discriminat[ing] against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). An employee's work environment is a term or condition of employment; therefore, Title VII creates a cause of action for hostile work environment. Crockett v. Mission Hosp., Inc., 717 F.3d 348, 354 (4th Cir. 2013) (citing EEOC v. R & R Ventures, 244 F.3d 334, 338 (4th Cir. 2001).

To state a claim for Title VII hostile work environment based on sexual harassment, a plaintiff must allege each of the following: (1) he endured unwelcomed harassment; (2) the harassment was based on his gender, race, or disability; (3) the harassment was severe or pervasive enough to alter the conditions of employment and create an abusive

---

[9] Defendant argues that harassment by co-workers is uniformly analyzed as hostile environment harassment because co-workers lack the authority to take "tangible employment actions" against fellow co-workers. Def.'s Mem. Supp. (# 5-1) at 10.

8

atmosphere; and (4) there is a basis for imposing employer liability. Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003); Matvia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 266 (4th Cir. 2001). "The Court ultimately should examine whether the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create and abusive working environment." Green v. Sessions, No. 1:17-CV-01365-LMB-TCB, 2018 WL 2025299, at *10 (E.D. Va. May 1, 2018) (internal quotation marks omitted).

An employer may be held liable for the harassing behavior of an employee in one of two instances. Cooper, 724 F. App'x at 202. One, when a plaintiff shows that the harasser is her supervisor, the employer is strictly liable for harassment that leads to a tangible employment action. Id. at 202-03. Two, when the harasser is a coworker, as opposed to a supervisor, the employer can be held liable only if the employer "knew or should have known about the harassment and failed to take effective action to stop it." Id. at 203 (quoting Pryor v. United Airlines, Inc., 791 F.3d 488, 498 (4th Cir. 2015).

In the instant case, as noted above, Plaintiff's Complaint does not allege that Philllips was Plaintiff's supervisor. See Compl. (# 1). Moreover, Plaintiff alleges that after the November 4, 2013 incident, the second incident, she and Griffin, a union representative, reported Phillips's conduct "through the proper channels, including the whistleblower hotline and the EEO complaint phone line." Id. ¶ 13. Plaintiff further alleges that she notified Wentland, the Center Director, about Phillips's retaliatory conduct. Id. ¶ 16. There is no allegation by Plaintiff that the sexual harassment continued after she reported it. See

9

Compl. (# 1). Consequently, Plaintiff's Title VII hostile work environment claim should be dismissed.

### 2. Plaintiff's Title VII retaliation claim fails because Plaintiff does not allege that an adverse employment action was taken against her.

In Defendant's final argument, he contends that Plaintiff fails to plead sufficient facts to support an essential element of a Title VII retaliation claim, which is that she suffered an adverse employment action. Def.'s Mem. Supp. (# 5-1) at 12-18.

It is unlawful for "an employer to discriminate against any of his employees or applicants for employment." 42 U.S.C. § 2000e-3(a). To state a prima facia Title VII retaliation claim, a plaintiff must allege facts establishing the following: (1) he was engaged in protected activity; (2) his employer took an adverse employment action against him; and (3) and there was a causal link between those events. Savage v. Maryland, --- F.3d ---, 2018 WL 3398220, at *10 (4th Cir. July 13, 2018) (citing Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 250 (4th Cir. 2015)); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). The filing of an EEOC charge is a protected activity. 42 U.S.C. § 2000e-3(a).

"An adverse employment action is a discriminatory act that adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." Holland v. Washington Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (internal quotation marks omitted). For purposes of Title VII, an adverse employment action is something that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation

marks omitted); see Harrison v. S.C. Dep't of Mental Health, 641 F. App'x 202, 207 (4th Cir. 2015) ("[I]f [a defendant] deprived [the plaintiff] of a raise given to all other similarly situated employees, then that would be a materially adverse employment action for purposes of Title VII's retaliation provision.") (internal quotation marks omitted); see also Scott v. Teachers Ins. and Annuity Ass'n of America, No. 3:12-CV-00697-FDW-DCK, 2013 WL 2948315, at *5-6 (W.D.N.C. June 14, 2013) (holding that the plaintiff's allegations her requests for transfer were denied and she received an inaccurate and poor performance review affecting her eligibility for a bonus or promotion, should an opportunity arise, were not adverse employment actions).

In the instant case, Plaintiff, in pertinent part, summarily alleges that she "suffered an adverse employment action." Compl. (# 1) ¶ 23. In particular, Plaintiff alleges that after Phillips became aware that she had filed a complaint against him, he retaliated against her doing the following: (1) Phillips looked angrily at her and went out of his way to discredit her in front of co-workers; (2) Phillips ignored Plaintiff at meetings and rolled his eyes or mumbled remarks under her breath when she spoke: (3) Phillips gave Plaintiff dirty looks around the office and made angry sounds with his mouth in an attempt to intimidate her; (4) Phillips intentionally interfered with Plaintiff's work by overruling her decisions in front of students and co-workers and cutting her off during meeting and conference calls. Id. ¶¶ 15, 15.1-15.4. Plaintiff also alleges that she has "suffered pecuniary injury and emotional distress because of the unlawful actions by Defendant." Id. ¶ 17.

Plaintiff's allegations, even if true, do not rise to the level of being an adverse employment action. See Bhatti v. Trustees of Boston Univ., 659 F.3d 64, 73 (1st Cir. 2011)

(finding that a reprimand letter with no adverse consequences was not an adverse employment action for a Title VII retaliation claim). Moreover, Plaintiff's bare conclusion that she suffered an adverse employment action must fail. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Plaintiff's Title VII retaliation claim should be dismissed.

## IV. Conclusion

In light of the foregoing, the Court RECOMMENDS that Defendant's Motion to Dismiss (# 5) be GRANTED, and this case be dismissed with prejudice.

Signed: August 9, 2018

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).